```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

BANK OF AMERICA, N.A.           )
                                )
    Plaintiff,                  )
                                )     Civil Case No.
v.                              )     5:15-cv-96-JMH
                                )
                                )     **MEMORANDUM OPINION AND ORDER**
JEFFREY SWARTZ, et al.,         )
                                )
    Defendants.

\*\*\*

This matter is before the Court upon its own motion. While no party has moved to remand this matter to state court, it is incumbent upon the Court to ensure that it has subject matter jurisdiction over removed cases. The Court concludes that it lacks subject matter jurisdiction and, accordingly, the case shall be remanded. *See* 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

In May 2013, Bank of America, N.A. ("BANA") filed this action as a foreclosure proceeding in Bath County, Kentucky Circuit Court. Jeffrey Swartz filed a timely answer and counterclaim, alleging various claims under state law. In February 2015, Swartz filed an amended counterclaim in which he added a claim against BANA pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. On March 30, 2015, BANA's foreclosure claim against Swartz was dismissed—thus, the only

remaining claims were Swartz's counterclaims against BANA.[1] BANA removed the action to this Court on April 10, 2015.

BANA argues that removal is proper pursuant to 28 U.S.C. Sections 1441 and 1331 because the parties have been "realigned" and BANA is now the defendant in what has become a federal-question case. Relying on *Terry v. Jackson,* 19 F. App'x 377 (6th Cir. 2001), BANA contends that this outcome is correct because jurisdiction is determined by the parties' status at the time of removal. BANA relies on a mere snippet from *Terry*, however, and it is taken out of context in BANA's notice of removal. *Terry* concerns fraudulent joinder in a diversity-jurisdiction case, which is not at issue here. The *Terry* case, in turn, references the oft-cited *Rogers v. Wal-Mart Stores,* 230 F.3d 868 (6th Cir. 2000), which concerns amount in controversy as determined at the time of removal, which also is not at issue here.

Ultimately, the removal statute is to be construed strictly and all doubts should be resolved in favor of remand. *Shupe v. Asplundh Tree Expert Co.,* 566 F. App'x 476, 478 (6th Cir. 2014). BANA attempts to remove its own lawsuit to federal court, which is impermissible, no matter how creative the attempt. *See La*

---

[1] On April 14, 2015, this Court received a telephone message from Judge Maze of the Bath County Circuit Court reporting that, following BANA's removal of this case to federal court, the Bath County Circuit Court vacated its previous order dismissing BANA's foreclosure claim against Swartz.

*Chemise Lacoste v. Alligator Co., Inc.,* 506 F.2d 339, 343 n.4 (3d Cir. 1974). Further, BANA's Fair Credit Reporting Act claims began life as a counterclaim and, as this Court has stressed, counterclaims cannot form the basis for removal. *See Park Equine Hosp., PLLC v. Braugh,* 5:13-cv-100, 2013 WL 2406093, at *3 (May 30, 2013 E.D. Ky.); *see also Double D Ranch, LLC v. Jackson,* 5:04-cv-88 (Dec. 2, 2005 E.D. Ky).

Accordingly, **IT IS ORDERED** that this matter is hereby **REMANDED** to Bath County Circuit Court.

This the 20th day of April, 2015.

Signed By:
**Joseph M. Hood**
Senior U.S. District Judge

3